FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

2011 MAY 24  P 12: 32

| | |
|---|---|
| HAMILTON BEACH BRANDS, INC. ) <br> A Delaware Corporation ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SUNBEAM PRODUCTS, INC. ) <br> d/b/a/ JARDEN CONSUMER ) <br> SOLUTIONS ) <br> A Delaware Corporation ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 3:11CV345 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Hamilton Beach Brands, Inc. ("Hamilton Beach"), by counsel, for its complaint

against the defendant, Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions ("Jarden"),

avers as follows:

## JURISDICTION AND VENUE

1.     This is an action for patent infringement arising under the Patent Laws of the

United States, Title 35 of the United States Code, §§ 101 *et seq.*

2.     This Court has subject matter jurisdiction over this action pursuant to Title 28,

U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over defendant Jarden at least because

defendant Jarden has regularly engaged in substantial, continuing, and ongoing contacts with the

Commonwealth of Virginia and this judicial district, and Jarden has sold and continues to sell into Virginia and this judicial district the products at issue in this case.

4.     Venue is proper in this judicial district pursuant to Title 28, U.S.C. §§ 1391(b) & (c) and § 1400(b) in that acts of patent infringement are occurring within this judicial district.

## THE PARTIES

5.     Plaintiff Hamilton Beach is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in the Richmond Division of this judicial district, at 4421 Waterfront Drive, Glen Allen, Virginia 23060.

6.     Upon information and belief, defendant Jarden is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 2381 Executive Center Drive, Boca Raton, Florida 33431.

7.     Defendant Jarden is in the business of manufacturing, selling, offering for sale, and importing various types of consumer products, including, but not limited to, kitchen appliance products under the brand names Sunbeam and Crock-Pot, among others.

8.     At all times relevant hereto, defendant Jarden acted through its respective agents, representatives, employees and servants, all of whom acted within the course and scope of their duties and responsibilities.

## FACTS

9.     On June 4, 2010, Ronald G. Tynes, John D. Barnes and Guoyao Ye (collectively, "Inventors"), filed U.S. Patent Application No. 12/794,284 ("the '284 application"), which was a continuation of U.S. Patent Application No. 12/255,188 (filed on October 21, 2008), which was a continuation of U.S. Patent Application No. 11/365,222 ("the '222 application") (filed on March

1, 2006), issued by the United States Patent and Trademark Office ("USPTO") as U.S. Patent No. 7,485,831 ("the '831 patent") and entitled "Slow Cooker."

10.     In March 2006, the Inventors assigned their interests in and to the '222 application and all divisionals, continuations, substitute, renewals, reissues, and reexaminations thereof and any patents that issued therefrom to Hamilton Beach/Proctor-Silex, Inc.

11.     On or about September 28, 2007, Hamilton Beach/Proctor-Silex, Inc. changed its name to Hamilton Beach Brands, Inc., and this name change was recorded in the USPTO at Reel 020174, beginning at Frame 0160.

12.     On February 3, 2009, the USPTO issued the '831 patent in the name of the Inventors and Hamilton Beach Brands, Inc., as assignee.

13.     Upon information and belief, in or about the third quarter of 2010, Defendant Jarden began using, manufacturing, selling, offering for sale and importing "Cook & Carry" slow cookers under the brand name Crock-Pot (hereinafter "the Infringing Products") in the U.S., and continues to do so to this day.

14.     On May 24, 2011, the USPTO issued U.S. Patent No. 7,947,928 ("the '928 patent") relating to a slow cooker in the names of Ronald G. Tynes, John D. Barnes and Guoyao Ye and Hamilton Beach Brands, Inc., as assignee.  A copy of the '928 patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

15.     The '928 patent is valid and enforceable.  The term of the '928 patent will expire on or about March 1, 2026.

16.     The '928 patent discloses and claims various novel and unique features relating to slow cookers.

17.     Plaintiff Hamilton Beach is the assignee of all right, title, and interest in and to the '928 patent and possesses all rights of recovery under the '928 patent, including the right to sue for infringement, to seek recourse for damages, and to seek injunctive relief.

18.     Defendant Jarden has targeted, and continues to target directly, the Infringing Products to residents of Virginia, particularly in this judicial district, as well as elsewhere in and through the United States.

19.     Defendant Jarden has sold and offered for sale, and continues to sell and offer for sale, the Infringing Products to commercial retailers in Virginia and this judicial district for sales and offers for sale to residents of Virginia and this judicial district.

20.     Defendant Jarden has neither sought nor obtained a license under the '928 patent and is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '928 patent.

## COUNT I
## INFRINGEMENT OF THE '928 PATENT

21.     Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22.     The '928 patent is presumed valid pursuant to 35 U.S.C. § 282.

23.     Defendant Jarden has been and is currently engaged in acts which constitute direct infringement and/or inducement of infringement of some or all of the claims of the '928 patent, either literally or under the doctrine of equivalents, in the United States, including, but not limited to, acts undertaken within this judicial district, in violation of 35 U.S.C. § 271.

24.     Defendant Jarden has been and is currently manufacturing, causing to be manufactured, using, offering for sale, selling and importing into the United States, including but

not limited to this judicial district, without license or authority, at least the Infringing Products, which are covered by some or all of the claims of the '928 patent, in violation of 35 U.S.C. § 271.

25.     Throughout the United States and this judicial district, defendant Jarden has induced and continues to actively induce others to infringe one or more claims of the '928 patent.

26.     The Infringing Products were introduced into the marketplace by defendant Jarden in or about the third quarter of 2010.

27.     The infringement by defendant Jarden of one or more claims of the '928 patent has deprived plaintiff Hamilton Beach of revenues which it otherwise would have made or caused to be made, and has in other respects injured plaintiff Hamilton Beach and will cause plaintiff Hamilton Beach irreparable injury and loss of revenues unless and until enjoined by this Court.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues appropriately triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Hamilton Beach prays for judgment against defendant Jarden and requests that this Court:

(a)     Enter a finding and a judgment in favor of plaintiff Hamilton Beach and against defendant Jarden for patent infringement in an amount to be ascertained and in an amount adequate to compensate plaintiff Hamilton Beach for defendant Jarden's infringement of the '928 patent, including, but not limited to, defendant Jarden's profits, but in no event less than a reasonable royalty for the use made of the invention by defendant Jarden together with

prejudgment and post-judgment interest and costs as fixed by the Court, as provided by 35 U.S.C. § 284;

(b)     Enter a preliminary and permanent injunction against further and continued infringement of the claims of the '928 patent by defendant Jarden as provided by 35 U.S.C. § 283;

(c)     Declare that this case is exceptional and award plaintiff Hamilton Beach its reasonable attorneys' fees as the prevailing party, as provided by 35 U.S.C. § 285; and

(d)     Grant plaintiff Hamilton Beach such other and further relief as the Court may deem just and appropriate.

Dated:  May 24, 2011                    Respectfully submitted,

                                        HAMILTON BEACH BRANDS, INC

                                        By Counsel

                                        _____
                                        Craig T. Merritt (VSB #20281)
                                        cmerritt@cblaw.com
                                        Henry I. Willett, III (VSB #44655)
                                        hwillett@cblaw.com
                                        Nichole B. Vanderslice (VSB #42637)
                                        nvanderslice@cblaw.com
                                        Christian & Barton, L.L.P.
                                        909 East Main Street, Suite 1200
                                        Richmond, Virginia  23219
                                        Tel: (804) 697-4100
                                        Fax: (804) 697-4112

                                        Frederick A. Tecce
                                        ftecce@mcshea-tecce.com
                                        McSHEA \ TECCE, P.C.
                                        The Bell Atlantic Tower – 28th Floor
                                        1717 Arch Street
                                        Philadelphia, PA 19103
                                        Tel: (215) 599-0800

Fax: (215) 599-0888


Stephen E. Murray
*smurray@panitchlaw.com*
Bijal Shah-Creamer
*bshah@panitchlaw.com*
PANITCH SCHWARZE BELISARIO & NADEL LLP
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103
(215) 965-1330
(215) 965-1331 (Fax)

*Attorneys for Plaintiff Hamilton Beach Brands, Inc.*