IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| HAMILTON BEACH BRANDS, INC. )<br>A Delaware Corporation )<br> )<br>        Plaintiff, )<br> )<br>v. )<br> )<br>SUNBEAM PRODUCTS, INC. )<br>d/b/a JARDEN CONSUMER )<br>SOLUTIONS )<br>A Delaware Corporation )<br> )<br>        Defendant. )<br> ) | Civil Action No. 3:11-cv-00345-JRS<br><br>JURY TRIAL DEMANDED |

**SUNBEAM PRODUCTS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO HAMILTON BEACH BRANDS, INC.'S COMPLAINT**

Defendant, Sunbeam Products, Inc., d/b/a Jarden Consumer Solutions ("Jarden"), by counsel, for its answer to the complaint filed by the Plaintiff, Hamilton Beach Brands, Inc. ("Hamilton Beach"), states as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, §§ 101 *et seq.*

**ANSWER**: To the extent that the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Jarden admits that Hamilton Beach's Complaint purports to state a cause of action arising under the Patent Laws of the United States, Title 35 of the United States code, §§ 101 *et seq.*, but denies that any such claim is meritorious.

2. This Court has subject matter jurisdiction over this action pursuant to Title 28, U.S.C. §§ 1331 and 1338(a).

**ANSWER**: To the extent that the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required, Jarden admits that this Court has subject matter jurisdiction over Hamilton Beach's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over defendant Jarden at least because defendant Jarden has regularly engaged in substantial, continuing, and ongoing contacts with the Commonwealth of Virginia and this judicial district, and Jarden has sold and continues to sell into Virginia and this judicial district the products at issue in this case.

**ANSWER**: To the extent that the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. Jarden denies that the "products at issue in this case" infringe any U.S. Patent, including U.S. Patent No. 7,947,928. Nonetheless, Jarden admits that this Court has personal jurisdiction over it for purposes of this matter. Jarden denies the remaining allegations of this Paragraph.

4. Venue is proper in this judicial district pursuant to Title 28, U.S.C. §§ 1391(b) & (c) and § 1400(b) in that acts of patent infringement are occurring within this judicial district.

**ANSWER**: Jarden denies that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) but admits that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c). Jarden denies that it has committed patent infringement in this judicial district, as required for venue to be proper pursuant to 28 U.S.C. § 1400(b) and, accordingly, denies that venue is proper pursuant to that statute.

## THE PARTIES

5. Plaintiff Hamilton Beach is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in the Richmond Division of this judicial district, at 4421 Waterfront Drive, Glen Allen, Virginia 23060.

**ANSWER**: Jarden is without information sufficient to admit or deny the allegations of this Paragraph and, accordingly, denies same.

6.     Upon information and belief, defendant Jarden is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 2381 Executive Center Drive, Boca Raton, Florida 33431.

**ANSWER**:    Admitted.

7.     Defendant Jarden is in the business of manufacturing, selling, offering for sale, and importing various types of consumer products, including, but not limited to, kitchen appliance products under the brand names Jarden and Crock-Pot, among others.

**ANSWER**:    Jarden admits that it manufactures, imports and sells various types of consumer products, including, but not limited to, kitchen appliance products under the brand names Crock-Pot®, Sunbeam®, Oster®, Mr. Coffee®, Rival®, Health o meter® and many others. Jarden denies that it uses the term "Jarden" as a brand name.

8.     At all times relevant hereto, defendant Jarden acted through its respective agents, representatives, employees and servants, all of whom acted within the course and scope of their duties and responsibilities.

**ANSWER**:    Jarden admits that, like most corporations and other legal entities, it acts through its respective agents, representatives, employees and servants, all of whom are expected to act within the course and scope of their respective duties and responsibilities. Jarden denies that the activities of any of its agents, representatives, employees and/or servants support any of the claims raised by Hamilton Beach in its Complaint. Jarden denies any remaining allegations of this Paragraph.

# FACTS

9.     On June 4, 2010, Ronald G. Tynes, John D. Barnes and Guoyao Ye (collectively, "Inventors"), filed U.S. Patent Application No. 12/794,284 ("the '284 application"), which was a continuation of U.S. Patent Application No. 12/255,188 (filed on October 21, 2008), which was a continuation of U.S. Patent Application No. 11/365,222 ("the '222 application") (filed on March 1, 2006), issued by the United States Patent and Trademark Office ("USPTO") as U.S. Patent No. 7,485,831 ("the '831 patent") and entitled "Slow Cooker."

**ANSWER**:    Jarden admits that U.S. Patent No. 7,947,928 ("the '928 patent") is entitled "Slow Cooker" and states, on its face, that: (i) the '284 application was filed on June 4, 2010;

3

(ii) the '284 application is a continuation of the '188 application; and (iii) the '188 application is a continuation of the '222 application, which issued as U.S. Patent No. 7,485,831. Jarden denies all remaining allegations, including specifically and without limitation that any claim in the '928 patent deserves priority to a date earlier than June 4, 2010.

10. In March 2006, the Inventors assigned their interests in and to the '222 application and all divisionals, continuations, substitute, renewals, reissues, and reexaminations thereof and any patents that issued therefrom to Hamilton Beach/Proctor-Silex, Inc.

**ANSWER**: Jarden is without information sufficient to admit or deny the allegations of this Paragraph and, accordingly, denies same.

11. On or about September 28, 2007, Hamilton Beach/Proctor-Silex, Inc. changed its name to Hamilton Beach Brands, Inc., and this name change was recorded in the USPTO at Reel 020174, beginning at Frame 0160.

**ANSWER**: Jarden is without information sufficient to admit or deny the allegations of this Paragraph and, accordingly, denies same.

12. On February 3, 2009, the USPTO issued the '831 patent in the name of the Inventors and Hamilton Beach Brands, Inc., as assignee.

**ANSWER**: Jarden admits that the '831 patent was issued on February 3, 2009, that Ronald G. Tynes, John D. Barnes and Guoyao Ye are identified on the face of the '831 patent as inventors, and that Hamilton Beach Brands, Inc. is identified on the face of the '831 patent as the assignee. Jarden denies the remaining allegations of this paragraph, including that the '831 patent is valid and/or enforceable.

13. Upon information and belief, in or about the third quarter of 2010, Defendant Jarden began using, manufacturing, selling, offering for sale and importing "Cook & Carry" slow cookers under the brand name Crock-Pot (hereinafter "the Infringing Products") in the U.S., and continues to do so to this day.

**ANSWER**: Jarden admits that it has manufactured, imported, sold and continues to sell Cook & Carry slow cookers under the brand name Crock-Pot in the U.S. Jarden denies the

remaining allegations of this Paragraph, including specifically the allegation that any of its Cook & Carry slow cookers infringe any patent.

14. On May 24, 2011, the USPTO issued U.S. Patent No. 7,947,928 ("the '928 patent") relating to a slow cooker in the names of Ronald G. Tynes, John D. Barnes and Guoyao Ye and Hamilton Beach Brands, Inc., as assignee. A copy of the '928 patent is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

**ANSWER:** Jarden admits that the '928 patent was issued on May 24, 2011, that Ronald G. Tynes, John D. Barnes and Guoyao Ye are identified on the face of the '928 patent as inventors, and that Hamilton Beach Brands, Inc., is identified on the face of the '928 patent as the assignee. Jarden further admits that the '928 patent is titled "Slow Cooker." Jarden further admits that Exhibit A of Hamilton Beach's Complaint is a copy of the '928 patent. Jarden denies the remaining allegations in this Paragraph, including specifically that any claim of the '928 patent is valid and/or enforceable.

15. The '928 patent is valid and enforceable. The term of the '928 patent will expire on or about March 1, 2026.

**ANSWER:** Jarden admits that '928 patent is set to expire on or about March 1, 2026. Jarden denies that the '928 patent is valid and enforceable.

16. The '928 patent discloses and claims various novel and unique features relating to slow cookers.

**ANSWER:** Denied.

17. Plaintiff Hamilton Beach is the assignee of all right, title, and interest in and to the '928 patent and possesses all rights of recovery under the '928 patent, including the right to sue for infringement, to seek recourse for damages, and to seek injunctive relief.

**ANSWER**: Jarden is without information sufficient to admit or deny the allegations of this Paragraph and, accordingly, denies same.

18. Defendant Jarden has targeted, and continues to target directly, the Infringing Products to residents of Virginia, particularly in this judicial district, as well as elsewhere in and through the United States.

5

**ANSWER:** Jarden admits that its Cook & Carry slow cookers have been sold in this judicial district and in other judicial districts throughout the United States. Jarden denies the remaining allegations of this Paragraph, including specifically the allegation that its Cook & Carry slow cookers infringe the '928 patent.

19. Defendant Jarden has sold and offered for sale, and continues to sell and offer for sale, the Infringing Products to commercial retailers in Virginia and this judicial district for sales and offers for sale to residents of Virginia and this judicial district.

**ANSWER**: Jarden admits that its Cook & Carry slow cookers have been sold to commercial retailers in this judicial district and in other judicial districts throughout the United States. Jarden denies the remaining allegations of this Paragraph, including specifically the allegation that its Cook & Carry slow cookers infringe the '928 patent.

20. Defendant Jarden has neither sought nor obtained a license under the '928 patent and is not authorized or permitted to market, manufacture, use, offer for sale, sell or import any products embodying the invention disclosed and claimed in the '928 patent.

**ANSWER:** Jarden admits that it is neither licensed under the '928 patent nor needs to be so licensed. Jarden denies the remaining allegations of this Paragraph, including specifically all allegations that its Cook & Carry slow cookers either infringe the '928 patent, or that Jarden needs a license under the '928 patent.

## COUNT I
## INFRINGEMENT OF THE '928 PATENT

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this Complaint as though fully set forth herein.

**ANSWER:** Jarden incorporates its answers to Paragraphs 1–20 as if fully set forth herein.

22. The '928 patent is presumed valid pursuant to 35 U.S.C. § 282.

**ANSWER:** To the extent that the allegations of this Paragraph purport to state a legal conclusion, no response thereto is required. To the extent a response is deemed to be required,

6

Jarden admits that the '928 patent is presumed valid pursuant to 35 U.S.C. § 282 but denies that the '928 patent is valid.

23. Defendant Jarden has been and is currently engaged in acts which constitute direct infringement and/or inducement of infringement of some or all of the claims of the '928 patent, either literally or under the doctrine of equivalents, in the United States, including, but not limited to, acts undertaken within this judicial district, in violation of 35 U.S.C. § 271.

**ANSWER:** Denied.

24. Defendant Jarden has been and is currently manufacturing, causing to be manufactured, using, offering for sale, selling and importing into the United States, including but not limited to this judicial district, without license or authority, at least the Infringing Products, which are covered by some or all of the claims of the '928 patent, in violation of 35 U.S.C. § 271.

**ANSWER:** Jarden admits that it has manufactured, caused to be manufactured, imported, and sold, and continues to sell, Cook & Carry slow cookers under the brand name Crock-Pot in the U.S. Jarden denies the remaining allegations of this Paragraph, including specifically the allegation that its Cook & Carry slow cookers infringe the '928 patent and/or that Jarden requires a license under the '928 patent for any reason.

25. Throughout the United States and this judicial district, defendant Jarden has induced and continues to actively induce others to infringe one or more claims of the '928 patent.

**ANSWER:** Denied.

26. The Infringing Products were introduced into the marketplace by defendant Jarden in or about the third quarter of 2010.

**ANSWER**: Denied.

27. The infringement by defendant Jarden of one or more claims of the '928 patent has deprived plaintiff Hamilton Beach of revenues which it otherwise would have made or caused to be made, and has in other respects injured plaintiff Hamilton Beach and will cause plaintiff Hamilton Beach irreparable injury and loss of revenues unless and until enjoined by this Court.

**ANSWER:** Denied.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues appropriately triable by jury.

**ANSWER:** Jarden admits that Hamilton Beach has demanded a jury trial on all issues appropriately triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Hamilton Beach prays for judgment against defendant Jarden and requests that this Court:

(a) Enter a finding and a judgment in favor of plaintiff Hamilton Beach and against defendant Jarden for patent infringement in an amount to be ascertained and in an amount adequate to compensate plaintiff Hamilton Beach for defendant Jarden's infringement of the '928 patent, including, but not limited to, defendant Jarden's profits, but in no event less than a reasonable royalty for the use made of the invention by defendant Jarden together with prejudgment and post-judgment interest and costs as fixed by the Court, as provided by 35 U.S.C. § 284;

(b) Enter a preliminary and permanent injunction against further and continued infringement of the claims of the '928 patent by defendant Jarden as provided by 35 U.S.C. § 283;

(c) Declare that this case is exceptional and award plaintiff Hamilton Beach its reasonable attorneys' fees as the prevailing party, as provided by 35 U.S.C. § 285; and

(d) Grant plaintiff Hamilton Beach such other and further relief as the Court may deem just and appropriate.

**ANSWER:** Jarden denies that Hamilton Beach is entitled to any relief from Jarden, much less the relief set forth above, specifically including Hamilton Beach's prayer for entry of a preliminary injunction, at least because the claims of the '928 patent are neither valid nor infringed, either directly or indirectly, by Jarden. Jarden specifically denies the allegations in sub-paragraphs (a)–(d) of Hamilton Beach's Prayer for Relief.

## JARDEN'S AFFIRMATIVE DEFENSES

1. Jarden does not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, any claim of the '928 patent.

2. The claims of the '928 patent are invalid for failure to meet the conditions of patentability set forth in 35 U.S.C. §§ 102 and/or 103 based on, among other things, prior art that

8

was not before the United States Patent and Trademark Office during prosecution of the application that issued as the '928 patent, as well as for failure to meet the conditions of patentability set forth in 35 U.S.C. § 112.

3. Hamilton Beach is not entitled to injunctive relief, whether preliminary or permanent, because:

    a. Hamilton Beach cannot show it is likely to succeed on the merits;

    b. Hamilton Beach cannot show irreparable harm if injunctive relief is not granted;

    c. the balance of hardships between Hamilton Beach and Jarden does not warrant injunctive relief; and

    d. the public interest would not be served by granting injunctive relief against Jarden.

4. Hamilton Beach's requested relief is barred or otherwise limited by 35 U.S.C. § 287, in that Hamilton Beach failed to properly mark all articles purportedly covered by one or more claims of the '928 patent with the relevant patent number. Jarden did not receive notice of Hamilton Beach's infringement contentions regarding the '928 patent prior to being served with the Complaint. Accordingly, Hamilton Beach cannot recover damages from Jarden, if any are awarded, with respect to the '928 patent prior to May 27, 2011.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

For its Counterclaims against Hamilton Beach, Jarden demands a jury trial and alleges as follows:

## THE PARTIES

1. Counterclaim Plaintiff Jarden is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 2381 Executive Center Drive, Boca Raton, Florida 33431.

2. Counterclaim Defendant Hamilton Beach is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in the Richmond Division of this judicial district, at 4421 Waterfront Drive, Glen Allen, Virginia 23060.

**JURISDICTION**

3. Jarden's counterclaims are directed to invalidity and non-infringement of U.S. Patent No. 7,947,928. Accordingly, this Court has subject matter jurisdiction over Jarden's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, as well as the Patent Act, 35 U.S.C. § 1, *et seq*.

4. Hamilton Beach alleges in the present lawsuit that it owns all right, title and interest in, and has standing to sue for infringement of, the '928 patent.

5. Hamilton Beach alleges in the present lawsuit that Jarden infringes the claims of the '928 patent.

6. Accordingly, a controversy between Jarden and Hamilton Beach exists that is ripe for resolution, in which the parties hereto have standing. Further, the controversy is and is of such immediacy and reality to warrant the issuance of a declaratory judgment.

**COUNTERCLAIM NO. 1**
**NON-INFRINGEMENT OF THE '928 PATENT**

7. Jarden realleges and incorporates by reference paragraphs 1 through 6, above, as though fully set forth herein.

8. Jarden does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '928 patent.

9. The Court should issue a declaration that Jarden does not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '928

patent, so that Jarden may ascertain its rights relevant to the '928 patent.

## COUNTERCLAIM NO. 2
## INVALIDITY OF THE '928 PATENT

10. Jarden realleges and incorporates by reference paragraphs 1 through 9, above, as though fully set forth herein.

11. The claims of the '928 patent are invalid for failure to meet the conditions of patentability, or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 102 and/or 103, based on, among other things, prior art that was not before the United States Patent and Trademark Office during prosecution of the application that issued as the '928 patent, as well as for failure to meet the conditions of patentability set forth in 35 U.S.C. § 112.

12. The Court should issue a declaration that the claims of the '928 patent are invalid so that Jarden may ascertain its rights relevant to the '928 patent.

## JARDEN'S PRAYER FOR RELIEF

WHEREFORE, Jarden respectfully prays that the Court grant the following relief:

A. Denial of Hamilton Beach's Motion for Preliminary Injuction;

B. Entry of judgment in Jarden's favor on each and every count of Hamilton Beach's Complaint and Jarden's Counterclaims;

C. Entry of an Order directing that Jarden is not liable to Hamilton Beach for any damages pursuant to Hamilton Beach's Complaint;

D. Entry of a judicial declaration that Jarden has not infringed and is not infringing, either directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise any claim of U.S. Patent No. 7,947,928;

E. Entry of a judicial declaration that the claims of U.S. Patent No. 7,947,928 are invalid;

F.   Entry of an Order that Jarden is a prevailing party and that this is an exceptional case, and awarding Jarden its costs, disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and any other applicable statutes, rules or common law; and

G.   Such other and further relief that the Court deems just and appropriate.

## JURY DEMAND

Jarden requests a trial by jury on all issues so triable.

Dated: June 17, 2011                    Respectfully Submitted,

                                                                                         /s/
Timothy C. Bass
VSB # 40122
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 533-2323
Facsimile: (202) 261-0123
*basst@gtlaw.com*

Richard D. Harris*
Kevin J. O'Shea*
Matthew J. Levinstein*
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 310
Chicago, IL 60601
Telephone:  (312) 456-840
Facsimile:  (312) 456-8435
*harrisr@gtlaw.com*
*osheak@gtlaw.com*
*levinsteinm@gtlaw.com*

Kimberly A. Warshawsky*
GREENBERG TRAURIG, LLP
2375 East Camelback Road, Suite 700
Phoenix, AZ 85016
Telephone: (602) 445-8000
Facsimile: (602)  445-8100
*warshawskyk@gtlaw.com*

\* admitted *pro hac vice*                    *Attorneys for Defendant Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of June, 2011, I electronically filed the foregoing Sunbeam Products, Inc.'s Answer, Affirmative Defenses and Counterclaims to Hamilton Beach Brands, Inc.'s Complaint with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record, as follows:

| | | |
|---|---|---|
| **John Lee Newby, II**<br>**Robert Michael Tyler**<br>**William Norbert Federspiel**<br>McGuire Woods LLP<br>901 E. Cary Street<br>Richmond, VA  23219<br>Office:  (804) 775-1000<br>Fax:  (804) 775-1061<br>jnewby@mcguirewoods.com<br>rtyler@mcguirewoods.com<br>wfederspiel@mcguirewoods.com | **Frederick A. Tecce**<br>MCSHEA/TECCE, PC<br>The Bell Atlantic Tower -<br>28th Floor<br>1717 Arch Street<br>Philadelphia, PA 19103<br>Office:  (215) 599-0800<br>Fax:  (215) 599-0888<br>ftecce@mcshea-tecce.com | **Stephen E. Murray**<br>**Bijal Shah-Creamer**<br>PANITCH SCHWARZE<br>BELISARIO & NADEL<br>LLP<br>One Commerce Square<br>2005 Market Street, Suite 2200<br>Philadelphia, PA 19103<br>Office:  (215) 965-1330<br>Fax:  (215) 965-1331<br>smurray@panitchlaw.com<br>bshah@panitchlaw.com |

       /s/                              
Timothy C. Bass, VSB # 40122
*Attorney for Defendant Sunbeam Products, Inc.*
*d/b/a Jarden Consumer Solutions*
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 533-2323
Facsimile: (202) 261-0123
*basst@gtlaw.com*