IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **HAMILTON BEACH BRANDS, INC.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 11-cv-00345 |
| **SUNBEAM PRODUCTS, INC** ) | |
| **d/b/a JARDEN CONSUMER** ) | |
| **SOLUTIONS** ) | HON. JAMES R. SPENCER |
| ) | |
| Defendant. ) | |
| ) | |

**HAMILTON BEACH BRANDS, INC.'S ANSWER**
**TO SUNBEAM PRODUCTS, INC.'S COUNTERCLAIMS**

Comes now, plaintiff Hamilton Beach Brands, Inc. ("Hamilton Beach"), by and through its undersigned counsel, and for its answer against the counterclaims submitted by the defendant, Sunbeam Products, Inc. d/b/a Jarden Consumer Solutions ("Jarden"), avers as follows:

**THE PARTIES**

1. Counterclaim Plaintiff Jarden is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 2381 Executive Center Drive, Boca Raton, Florida 33431.

   **ANSWER:** Upon information and belief, admitted.

2. Counterclaim Defendant Hamilton Beach is a corporation organized and existing pursuant to the laws of the State of Delaware, with its principal place of business in the Richmond Division of this judicial district, at 4421 Waterfront Drive, Glen Allen, Virginia 23060.

   **ANSWER:** Admitted.

**JURISDICTION**

3. Jarden's counterclaims are directed to invalidity and non-infringement of U.S. Patent No. 7,947,928. Accordingly, this Court has subject matter jurisdiction over

Jarden's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, as well as the Patent Act, 35 U.S.C. § 1, *et seq*.

**ANSWER:**   Admitted.

4. Hamilton Beach alleges in the present lawsuit that it owns all right, title and interest in, and has standing to sue for infringement of, the '928 patent.

**ANSWER:**   Admitted.

5. Hamilton Beach alleges in the present lawsuit that Jarden infringes the claims of the '928 patent.

**ANSWER:**   Admitted.

6. Accordingly, a controversy between Jarden and Hamilton Beach exists that is ripe for resolution, in which the parties hereto have standing. Further, the controversy is and is of such immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:**   Admitted that a controversy exists between the parties that is ripe for resolution, and that the parties have standing. Otherwise denied that a declaratory judgment as requested by Jarden is warranted.

## COUNTERCLAIM NO. 1
## NON-INFRINGEMENT OF THE '928 PATENT

7. Jarden realleges and incorporates by reference paragraphs 1 through 6, above, as though fully set forth herein.

**ANSWER:**   Hamilton Beach realleges and incorporates by reference its Complaint and paragraphs 1 through 6 of this Answer to the Counterclaims as though fully set forth herein.

8. Jarden does not infringe and has not infringed, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any claim of the '928 patent.

**ANSWER:**   Denied. Hamilton Beach specifically denies that Jarden does not and has not infringed any claim of the '928 patent, directly or indirectly, literally or under the doctrine of equivalents.

9. The Court should issue a declaration that Jarden does not infringe, directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise, any

2

claim of the '928 patent, so that Jarden may ascertain its rights relevant to the '928 patent.

**ANSWER:** Denied. Hamilton Beach specifically denies that this Court should issue a declaration that Jarden does not infringe any claim of the '928 patent, directly or indirectly, literally or under the doctrine of equivalents.

## COUNTERCLAIM NO. 2
## INVALIDITY OF THE '928 PATENT

10. Jarden realleges and incorporates by reference paragraphs 1 through 9, above, as though fully set forth herein.

**ANSWER:** Hamilton Beach realleges and incorporates by reference its Complaint and paragraphs 1 through 9 of this Answer to the Counterclaims as though fully set forth herein.

11. The claims of the '928 patent are invalid for failure to meet the conditions of patentability, or otherwise to comply with the requirements set forth in 35 U.S.C. §§ 102 and/or 103, based on, among other things, prior art that was not before the United States Patent and Trademark Office during prosecution of the application that issued as the '928 patent, as well as for failure to meet the conditions of patentability set forth in 35 U.S.C. § 112.

**ANSWER:** Denied. Hamilton Beach specifically denies that the claims of the '928 patent are invalid for failure to meet the conditions of patentability, or otherwise comply with the requirements set forth in any of 35 U.S.C. §§ 102, 103, or 112.

12. The Court should issue a declaration that the claims of the '928 patent are invalid so that Jarden may ascertain its rights relevant to the '928 patent.

**ANSWER:** Denied. Hamilton Beach specifically denies that this Court should issue a declaration that the claims of the '928 patent are invalid.

## JARDEN'S PRAYER FOR RELIEF

WHEREFORE, Jarden respectfully prays that the Court grant the following relief:

A. Denial of Hamilton Beach's Motion for Preliminary Injunction;

B. Entry of judgment in Jarden's favor on each and every count of Hamilton Beach's Complaint and Jarden's Counterclaims;

  C. Entry of an Order directing that Jarden is not liable to Hamilton Beach for any damages pursuant to Hamilton Beach's Complaint;

  D. Entry of a judicial declaration that Jarden has not infringed and is not infringing, either directly or indirectly, literally or pursuant to the doctrine of equivalents, or otherwise any claim of U.S. Patent No. 7,947,928;

  E. Entry of a judicial declaration that the claims of U.S. Patent No. 7,947,928 are invalid

  F. Entry of an Order that Jarden is a prevailing party and that this is an exceptional case, and awarding Jarden its costs, disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and any other applicable statutes, rules or common law; and

  G. Such other and further relief that the Court deems just and appropriate.

  **ANSWER:** To the extent a response is necessary to Jarden's prayer for relief, Hamilton Beach denies that Jarden is entitled to the relief and judgment requested in the Prayer, or any other relief whatsoever.

## HAMILTON BEACH'S AFFIRMATIVE DEFENSES

  1. Hamilton Beach realleges and incorporates by reference its Complaint as though fully set forth herein.

  2. Jarden fails to state a claim upon which relief can be granted.

  WHEREFORE, Plaintiff respectfully requests that this Court deny Jarden's Counterclaims in their entirety and grant such other relief as this Court deems just and appropriate.

Dated:  June 20, 2011            Respectfully submitted,

/s/ William N. Federspiel
Robert M. Tyler (VSB No. 37861)
MCGUIREWOODS LLP
600 Travis Street Suite 7500
Houston, Texas 77002
(713) 353-6662
(832) 214-9927 (Fax)
rtyler@mcguirewoods.com

William N. Federspiel (VSB No. 76716)
MCGUIRE WOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
(804) 775-4382
(804) 698-2011 (Fax)
wfederspiel@mcguirewoods.com

John L. Newby II (*admitted pro hac vice*)
MCGUIREWOODS LLP
2001 K Street, NW
Washington, DC  20006-1040
(202) 857-1700
(202) 857-1737 (Fax)
jnewby@mcguirewoods.com

Frederick A. Tecce (*admitted pro hac vice*)
MCSHEA \ TECCE, P.C.
The Bell Atlantic Tower – 28th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 599-0800
(215) 599-0888 (Fax)
ftecce@mcshea-tecce.com

Stephen E. Murray (*admitted pro hac vice*)
Bijal Shah-Creamer (*admitted pro hac vice*)
PANITCH SCHWARZE BELISARIO & NADEL LLP
One Commerce Square
2005 Market Street, Suite 2200
Philadelphia, PA 19103
(215) 965-1330
(215) 965-1331 (Fax)

5

smurray@panitchlaw.com
bshah@panitchlaw.com

*Attorneys for Plaintiff Hamilton Beach Brands, Inc.*

**CERTIFICATE OF SERVICE**

  I certify that, on June 20, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

            /s/ William N. Federspiel
            William N. Federspiel (VSB No. 76716)
            MCGUIREWOODS LLP
            One James Center
            901 East Cary Street
            Richmond, VA 23219
            Office: (804) 775-1000
            Fax: (804) 774-1061
            wfederspiel@mcguirewoods.com

            *Attorneys for Hamilton Beach Brands, Inc.*