UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| HAMILTON BEACH BRANDS, INC., | |
|---|---|
| Plaintiff, | |
| v. | Action No. 3:11-CV-345 |
| SUNBEAM PRODUCTS, INC., d/b/a JARDEN CONSUMER SOLUTIONS, | |
| Defendant. | |

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's "Motion to Strike Defendant's Motion to Declare this Case as 'Exceptional' Under 35 U.S.C. § 285" ("Motion to Strike") (ECF No. 216). This case involves a patent infringement claim concerning portable slow cookers. Hamilton Beach Brands, Inc. ("Hamilton Beach") claimed Sunbeam Products, Inc. ("Sunbeam") infringed on U.S. Patent No. 7,947,928 ("'928 patent"). On July 13, 2012, this Court granted summary judgment in favor of Defendant Sunbeam finding no infringement and declaring the '928 patent invalid (ECF Nos. 200–01).

Sunbeam now seeks to recover its attorneys' fees. In patent cases, a prevailing party may recover fees only if the Court declares the case "exceptional" under 35 U.S.C. § 285. Sunbeam moved the Court to declare the case exceptional on August 2, 2012 ("Motion to Declare Exceptional") (ECF No. 208). Hamilton Beach moved to strike Sunbeam's Motion to Declare Exceptional pursuant to Federal Rule of Civil Procedure 54(d)(2)(B), which requires parties to

file motions for attorney fees no later than fourteen days after the entry of judgment.[1] Because Sunbeam filed its Motion to Declare Exceptional twenty days after the entry of the Final Order, the Court finds it untimely, GRANTS the Motion to Strike, and denies Sunbeam's request for attorneys' fees.

## I. BACKGROUND

Hamilton Beach filed the underlying action claiming Sunbeam's Cook & Carry slow cooker infringed on multiple claims of its '928 patent. After lengthy proceedings, the Court declared the patent invalid, found no infringement, and granted Sunbeam's motion for summary judgment. On July 13, 2012, the Court entered a Final Order (ECF No. 201) and Memorandum Opinion (ECF No. 200). The Final Order states, in its entirety:

> THIS MATTER is before the Court on Plaintiff Hamilton Beach, Inc.'s Motion for Summary Judgment of Infringement and No Invalidity Based on the Addition of New Matter (Doc. No. 115), and Defendant Sunbeam Products, Inc.'s Motion for Summary Judgment of Non-Infringement and Invalidity (Doc. No. 121). For the reasons stated in the accompanying Memorandum Opinion, the Court DENIES Plaintiff's Motion and GRANTS Defendant's Motion.
>
> Let the Clerk send a copy of this Order to all counsel of record.
>
> It is SO ORDERED.

Final Order, July 13, 2012, ECF No. 201.

The Clerk entered the Final Order on July 13, 2012 and terminated the case as of the same date. On July 19, 2012, the Clerk transmitted a "Report on the Filing or Determination of an Action Regarding a Patent or Trademark" ("Patent Determination Report") to the Patent and Trademark Office ("PTO"). This document notified the PTO that a Memorandum Opinion and Final Order regarding the '928 patent was entered on July 13, 2012.

---

[1] The parties have not requested a hearing, and the Court finds that oral argument is unnecessary. See E.D. Va. Loc. Civ. R. 7(J).

Sunbeam filed a Bill of Costs for $317,093.61 on July 24, 2012, eleven days after the Final Order. Local Civil Rule 54(D)(1) requires a party entitled to costs under 28 U.S.C. §§ 1920 and 1924 to file a bill of costs within eleven days "from the entry of judgment." Sunbeam's Bill of Costs states: "Judgment having been entered in the above entitled action on 07/13/2012 against Hamilton Beach Brands, Inc. . . . ." On August 2, 2012, twenty days after the Court entered its Final Order and fourteen days after the Patent Determination Report, Sunbeam filed its Motion to Declare Exceptional.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54 provides that, unless otherwise stated by a statute or court order, a motion for attorney's fees must be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(A). A motion under 35 U.S.C. § 285 to declare a case exceptional and obtain attorney fees must comply with the timing requirements of Rule 54. *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1386 (Fed. Cir. 2005) [hereinafter *IPXL Holdings*]. The fourteen-day filing period may be extended "subject to the strictures of Rule 6(b)," *id.* at 1385, allowing a court to extend time after the time to file has expired "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b).

A judgment "includes a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). "A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings." *Id.* Rule 58 requires that every judgment "must be set out in a separate document." Fed. R. Civ. P. 58(a). To determine whether a judgment has been entered, "the form and content of the document at issue are determinative." *Hughes v. Halifax County School Board*, 823 F.2d 832, 836 (4th Cir. 1987). The Fourth Circuit states "an order unaccompanied by a long explanation is likely to be considered a 'judgment.'" *Id.*

## III. ANALYSIS

### A. Date of the entry of Judgment in this case

The Court must first determine when the judgment was entered in this case. Hamilton Beach contends the Final Order, entered on July 13, 3012, was the judgment. Sunbeam counters that the earliest date that a judgment could have been entered in this case was July 19, 2012, when the Clerk transmitted the Patent Determination Report to the PTO.

Rule 54(a) contemplates that court orders serve as judgments, and neither Rule 54 nor Rule 58 requires such an order to be in a specific format. The Fourth Circuit requires the order have the "essentials of the judgment" and be separate from the court's opinion or memorandum. *Hughes*, 823 F.2d at 835 (citing *Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683, 688 (4th Cir. 1978)). Where an order is "unaccompanied by a long explanation [it] is likely to be considered a 'judgment.'" *Id.* Similarly, *Reyblatt v. Denton*, 812 F.2d 1042 (7th Cir. 1987), on which Sunbeam relies, holds that a final judgment "should be complete and self-contained" and "must set forth the relief to which the prevailing party is entitled or the fact that the plaintiff has been denied all relief." *Id.* at 1043–44. The Seventh Circuit further indicated a final judgment should terminate the case. See *id.* at 1044. The Final Order in this case meets those requirements by concisely stating Plaintiff's Motion for Summary Judgment was denied and Defendant's Motion for Summary Judgment was granted.

Sunbeam recognized the July 13 Order as the judgment. In its Bill of Costs, Sunbeam indicated that the Court had entered "judgment" on July 13. Notwithstanding its previous position, Sunbeam now contends that the Patent Determination Report is the final judgment. The Patent Determination Report, however, is inconsequential to the determination of when the judgment was entered. The case was closed prior to the transmission of the Patent Determination

Report to the PTO, and the report is merely a means to provide information to the PTO regarding the disposition of the case. It does not itself dispose of the case nor does it have any effect on the parties.

The Final Order meets all the requirements of Rules 54 and 58 to constitute a judgment. The judgment date in this case is July 13, 2012, making Sunbeam's Motion to Declare Exceptional untimely.

### B. Excusable Neglect

Under Rule 6(b), the Court can accept Sunbeam's late filing only if the delay in filing resulted from "excusable neglect," as defined by the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993) [hereinafter *Pioneer*].[2] Excusable neglect "is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996).[3] *Thompson* provides "a district court should find 'excusable neglect' only in the 'extraordinary cases where injustice would otherwise result.'" *Id.* (quoting Notes to 1964 Fed. R. Civ. P. 73(a)). In making the excusable neglect determination, the Court should consider: (1) the danger of prejudice, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the party, (4) and whether the party acted in good faith. *Thompson*, 76 F.3d at 533 (citing *Pioneer*, 507 U.S. at 395). The reason for the delay in filing is the most important factor. *Thompson*, 76 F.3d at 534.

---

[2] *Pioneer* construes the meaning of "excusable neglect" in Federal Rule of Bankruptcy Procedure 9006(b)(1). The Fourth Circuit applies the *Pioneer* standard to Federal Rule of Civil Procedure 6(b) "excusable neglect" as well. *See Gaskins v. BFI Waste Services, LLC*, 281 Fed. App'x 255, 260 (4th Cir. 2008).

[3] *Thompson* interpreted the meaning of "excusable neglect" in Federal Rule of Appellate Procedure 4(a); however, the Fourth Circuit has subsequently applied the language used in *Thompson* to cases applying Federal Rule of Civil Procedure 6(b) as well. *See Gaskins*, 281 Fed. App'x at 260.

Sunbeam contends its late filing is excusable because the delay "resulted from its good faith interpretation of the Federal Rules" due to its erroneous belief that the Patent Determination Report constituted the judgment for purposes of Rule 54(d). Def.'s Opp'n Pl.'s Mot. Strike 5. Sunbeam's argument of good faith is belied by the opening sentence of its own Bill of Costs, stating, "Judgment having been entered in the above entitled action on 07/13/2012 against Hamilton Beach Brands, Inc. . . ." The Bill of Costs was filed eleven days after the Final Order, as required by Local Rule 54(D). Even though Sunbeam filed the Bill of Costs *after* the clerk issued the Patent Determination Report, it still identified the Final Order as the judgment in this case. Sunbeam cannot argue in good faith that it believed the Final Order was not the judgment.

Sunbeam's argument also fails because misinterpretation of the Federal Rules does not constitute excusable neglect. Claims of "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. *IPXL Holdings* involved similar facts to the situation presented here. In that case, Amazon filed its motion to declare the case exceptional under § 285 seventeen days after entry of judgment. *IPXL Holdings*, 430 F.3d at 1384–85. Amazon made no request to extend time prior to the deadline, but argued its late filing should be allowed under Rule 6(b) because it filed its motion late under the erroneous belief that the fourteen day time limit did not apply to motions brought under § 285. *Id.* at 1385. The Federal Circuit held that the district court abused its discretion in allowing the late filing based on such reasoning.[4] *Id.* In this case, Sunbeam similarly made no

---

[4] Numerous other cases have found a party's erroneous interpretation of a rule insufficient to justify a finding of excusable neglect. *See, e.g., Quigley v. Rosenthal*, 427 F.3d 1232, 1237 (10th Cir. 2005) (affirming a finding of no excusable neglect where party mistakenly filed an attorneys' fee petition late based on an erroneous belief that the district court's entry of an amended judgment did not trigger the fourteen day deadline); *Kyle v. Campbell Soup Co.*, 13 F.3d 317, 319–21 (9th Cir. 1994) (affirming a finding of no excusable neglect where party filed motion for attorneys' fees two days late because party's attorney mistakenly added three days to deadline under Rule 6(e)).

attempt to seek extended time prior to the filing deadline and presents misinterpretation of the Rules as the sole excuse for the delay.[5]

## CONCLUSION

For the reasons stated above, the Court GRANTS Hamilton Beach's Motion to Strike. Sunbeam's Motion to Declare this Case "Exceptional" Under 35 U.S.C. § 285 is therefore STRICKEN and any request for attorney fees is DENIED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

It is SO ORDERED.

/s/
John A. Gibney, Jr.
United States District Judge

ENTERED this 9th day of November 2012

---

[5] Considering the remaining factors in the excusable neglect determination, Hamilton Beach is not significantly prejudiced, because it timely filed a response to Sunbeam's Motion to Declare Exceptional, and the minimal delay of six days will not significantly affect the judicial proceedings. These factors, however, do not alter the finding of no excusable neglect based on the insufficient reason for the delay and questionable good faith of Sunbeam.